## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| David Penley, and Jeannine Penley; | : | |
| **Plaintiffs,** | : | |
| **v.** | : | |
| | : | |
| Cory Collins; | : | |
| Cowan Systems LLC; | : | |
| Cowan Systems, Inc.; | : | |
| Cowan Transport Holdings, LLC; | : | |
| Cowan Equipment Leasing; | : | |
| Schneider National, Inc.; | : | No. _____ |
| Schneider National Leasing; | : | |
| Schneider National Carriers, Inc.; | : | |
| Schneider National Bulk Carriers Inc.; | : | |
| USAA; and | : | |
| United Services Automobile Association; | : | |
| | : | CIVIL ACTION |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

**AND NOW COMES** Plaintiffs, David Penley and Jeannine Penley, by and through the Pisanchyn Law Firm and their undersigned counsel Bradley D Moyer, Esquire, and avers as follows:

1. Plaintiff, David Penley, is an adult individual who resides 218 East Scarborough Fare Stewartstown PA 17363.

2. Plaintiff, Jeannine Penley, is an adult individual who resides 218 East Scarborough Fare Stewartstown PA 17363.

3. Plaintiffs, David and Jeannine Penley are and were married at the time of this incident.

4. Defendant, Cory Collins, is an adult individual with a last known address of 5401 Sagra Road Baltimore MD 21239.

5. Defendant, Cowan Systems LLC is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and

continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 4555 Hollins Ferry Road, Baltimore, MD 21227.

6. Defendant, Cowan Systems, Inc., is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 4555 Hollins Ferry Road, Baltimore, MD 21227.

7. Defendant, Cowan Transport Holdings, LLC, is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 1910 Halethorpe Farms Road, Baltimore, MD 21227.

8. Defendant, Cowan Equipment Leasing, is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 4555 Hollins Ferry Road, Baltimore, MD 21227.

9. Defendant, Schneider National, Inc., is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 3101 Packerland Drive, Green Bay, WI 54313.

10. Defendant, Schneider National Leasing, is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 3101 Packerland Drive, Green Bay, WI 54313.

11. Defendant, Schneider National Carriers, Inc., is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 3101 Packerland Drive, Green Bay, WI 54313.

12. Defendant, Schneider National Bulk Carriers Inc., is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna and Philadelphia County in Pennsylvania, and has a last known corporate address, or place of regular business of 3101 Packerland Drive, Green Bay, WI 54313.

13. Defendants, Cowan Systems LLC; Cowan Systems, Inc.; Cowan Transport Holdings, LLC; Cowan Equipment Leasing; Schneider National, Inc.; Schneider National Leasing; Schneider National Carriers, Inc.; and Schneider National Bulk Carriers Inc., hereinafter shall be referred to collectively as "Trucking Company Defendants"

14. Defendant, USAA, is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna, and York Counties in Pennsylvania, and has a last known corporate address, or place of regular business of 9800 Fredericksburg Road San Antonio TX 78288.

15. Defendant, United Services Automobile Association, is a corporation duly operating and doing business under the laws of the Commonwealth of Pennsylvania that regularly conducts substantial, systematic, and continuous business in Lackawanna, and York Counties in Pennsylvania, and has a last known corporate address, or place of regular business of 9800 Fredericksburg Road San Antonio TX 78288.

16. Defendants, USAA, and United Services Automobile Association, hereinafter shall be referred to collectively as "USAA Defendants"

17. On or about September 28, 2023, and at all times relevant to this incident, the USAA Defendants, had a valid insurance policy in place with Plaintiff in which all premiums were paid with a Policy Number: 017329181U71026, which provided for Uninsured/Underinsured motorist coverage.

18. Plaintiffs have fully complied with all of the terms, conditions, and duties required under the USAA Insurance policy, including but not limited to filing suit against Defendant insurance company along with the third-party tortfeasor,

19. On or about September 28, 2023, Defendant, Cory Collins, was operating a 2020 FRHT-SPR tractor trailer registered in Indiana.

20. On or about September 28, 2023, the Trucking Company Defendants, owned, insured, and maintained the 2020 FRHT-SPR tractor trailer Defendant, Cory Collins, was operating.

21. On or about September 28, 2023, the Trucking Company Defendants, had given permission to Defendant, Cory Collins, to operate the 2020 FRHT-SPR tractor trailer.

22. On or about September 28, 2023, Plaintiff, David Penley, was operating a 2013 motorcycle registered in Pennsylvania.

23. On or about September 28, 2023, the vehicle Defendant, Cory Collins, was operating, and the

vehicle Plaintiff was in, were involved in a motor-vehicle collision on Interstate 83, South, near Exit 14.

24. On or about September 28, 2023, Defendant, Cory Collins, was in the right lane of travel.

25. On or about September 28, 2023, Plaintiff, David Penley, was in the on-ramp merging onto Interstate 83.

26. On or about September 28, 2023, Defendant, Cory Collins, failed to maintain his lane and carelessly drifted into the merge lane, striking Plaintiff, David Penley.

27. On or about September 28, 2023, due to the above mentioned impact, it forced Plaintiff, David Penley, into a cement wall off the right side of the interstate.

28. On or about September 28, 2023, after impact, Defendant, Cory Collins, continued driving south on I-83 until they were eventually stopped approximately three (3) miles into Maryland on I-83.

29. On or about September 28, 2023, Defendant, Cory Collins, had no reason to leave their lane of travel.

30. On or about September 28, 2023, prior to impact, Defendant, Cory Collins, had heard the sound of Plaintiff, David Penley's motorcycle on their right.

31. Defendant, Cory Collins, plead guilty to disregard traffic lane relative to this incident.

32. Defendant, Cory Collins, plead guilty to careless driving relative to this incident.

33. Defendant, Cory Collins, plead guilty to turning movements and required signals relative to this incident.

34. On or about September 28, 2023, Defendant, Cory Collins, operated the vehicle, owned by the Trucking Company Defendants, in such a careless, reckless, willful, and wanton manner in that he suddenly and without warning crashed into the Plaintiff, causing them to suffer such injuries as are set forth herein at length.

35. On or about September 28, 2023, Defendant, Cory Collins, was acting/driving within the course and scope of his employment with the Trucking Company Defendants.

36. Prior to the incident described herein, the Trucking Company Defendants knew that Defendant, Cory Collins, had plead guilty to driving a vehicle on a highway with an expired license.

37. Prior to the incident described herein, the Trucking Company Defendants knew that Defendant, Cory Collins, had plead guilty to possession of marijuana.

38. Prior to the incident described herein, the Trucking Company Defendants knew that Defendant, Cory Collins, had been charged with possession of marijuana on multiple occasions.

39. Prior to the incident described herein, the Trucking Company Defendants knew that Defendant, Cory Collins, had been charged, and/or guilty, of a person must not operate a commercial motor vehicle unless he or she is medically certified as physically qualified to do so.

40. Prior to the incident described herein, such information regarding Defendant, Cory Collins, prior driving/criminal history was easily accessible to the Trucking Company Defendants, and the Trucking Company Defendants either knew of such driving/criminal history and still allowed Defendant, Cory Collins, to operate their vehicle, or the Trucking Company Defendants refused/failed to make such reasonable background checks on their drivers, which was careless, reckless, and/or willful/wanton.

41. The Trucking Company Defendants, knew or should have known of Defendant, Cory Collins's unsafe driving before he operated on the date of incident.

42. On the date of this incident, Defendant, Cory Collins, operated the truck-trailer in an unsafe manner and as outlined more fully herein.

43. Prior to the incident described herein, the Trucking Company Defendants, had multiple violations of the motor vehicle laws and showed a pattern of endangering public safety.

44. Prior to the incident described herein, the Cowan Trucking Company Defendants, had over eighty (80) driving violations in just Pennsylvania that included, but are not limited to: dangerous driving; phone calls; inspection reports; brakes; speeding; lighting; tires; vehicle defects; hours; license; and seat belt.

45. Prior to the incident described herein, the Cowan Trucking Company Defendants, had over fifteen (15) crashes in just Pennsylvania resulting in over sixteen (16) injuries, and one (1) fatality.

46. The actions/in-actions of Defendant, Cory Collins, and the Trucking Company Defendants, as outlined herein, were negligent, reckless, and willful/wanton.

47. On or about the same date/time the Defendant was driving at an excessive and/or high rate of speed, and/or distracted, to prevent Defendant from stopping before striking Plaintiff.

48. On or about the same date/time, Defendant had the prior knowledge/intent that driving at a high rate of speed, and/or distracted, could/would result in a collision, and despite this prior knowledge/intent, Defendant still operated his motor vehicle in a reckless fashion causing the collision and Plaintiff's injuries.

49. On or about the same date/time the Defendant's attention was distracted causing this incident.

50. By Defendant taking such actions it was done in a conscious disregard of the risk that such distracted driving would cause to the public, including Plaintiffs.

51. Due to the severity of the incident, EMS arrived at the scene and provided initial treatment to Mr. Penley, including but not limited to, removing the remaining pieces of his helmet from his head, and discovered a laceration that required immediate attention.

52. After being admitted to the trauma department, Mr. Penley underwent multiple surgeries including: a distal radius fracture reduction of his right index finger, a metatarsophalangeal

(MTP) joint reduction of his left fifth toe, and an open reduction and internal fixation (ORIF) of his right ankle using five screws and one plate.

53. An MRI scan later revealed a SLAP tear in Mr. Penley's rotator cuff that required surgical intervention.

54. As a direct result of the aforesaid accident, Plaintiff, David Penley, has suffered, yet suffers, and will/may suffer for an indefinite time in the future from injuries including but not limited to injuries to his right hand, right ankle the required surgery, fractured left ankle, and bruised ribs all of which caused him, continue to cause him, and will/may cause him for an indefinite time in the future great pain, agony, and suffering, both physically and mentally.

55. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has been forced to undergo medical treatment and will/may be forced to undergo medical treatment including possible surgery at an undetermined time in the future.

56. As the direct and proximate result of the negligent, reckless and careless conduct of the Defendants, and injuries sustained, Plaintiff has incurred and/or will incur past, present, and future medical expenses, to her great financial loss and damage.

57. As a direct and proximate result of the negligent, reckless and careless conduct of the Defendants, and injuries sustained, Plaintiff has suffered wage loss and will suffer wage loss, and/or loss of earning capacity for an indefinite time in the future.

58. As a direct and proximate result of the negligent, reckless and careless conduct of the Defendants, and injuries sustained, Plaintiff have suffered past, present, and future physical pain and suffering.

59. As a direct and proximate result of the negligent, reckless and careless conduct of the Defendants, and injuries sustained, Plaintiff has suffered past, present, and future mental anguish.

60. As a direct and proximate result of the negligent, reckless and careless conduct of the Defendants, and injuries sustained, Plaintiff has suffered past, present, and future loss of enjoyment of life and scarring.

61. As a direct and proximate result of the negligent, reckless and careless conduct of the Defendants, and injuries sustained, Plaintiff has suffered past, present, and future lost earning capacity.

## COUNT I - NEGLIGENCE
## David Penley v. Cory Collins

62. Plaintiff incorporates herein by reference the averments contained in the foregoing Paragraphs as well as the entire Complaint as though the same were set forth fully herein.

63. As the direct and proximate result of the negligence, carelessness and recklessness of Defendant, Plaintiff, has suffered physical pain, discomfort, mental anguish, and he will continue to endure the same for an indefinite period of time in the future, to his physical, emotional, and financial detriment and loss.

64. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to use due care under the circumstances.

65. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty not to place Plaintiff at risk of harm through their actions or inactions.

66. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff duty to have the vehicle they were operating under such control that it could have been stopped before doing injury to any person, including Plaintiff.

67. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to drive a safe and appropriate rate of speed.

68. Defendant through her actions and/or inactions breached her duties to Plaintiff.

69. The September 28, 2023, collision referred to above was directly and proximately caused by the negligence, and carelessness of Defendant, and not that of Plaintiff.

70. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to operate Defendant's vehicle in accordance with the rules of the road, and the laws of the Commonwealth of Pennsylvania, National Highway Traffic Safety Administration, U.S. Department of Transportation, and Federal Motor Carrier Safety Regulations.

71. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to only drive on roadways laned for travel.

72. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty use required signals when making movements/turning.

73. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to not drive too fast for conditions.

74. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to not drive carelessly.

75. On or about September 28, 2023, and at all times relevant and material hereto, Defendant owed to Plaintiff a duty to not drive recklessly.

76. The aforesaid accident was due solely to the negligent conduct, reckless, careless conduct of Defendant and/or in no way due to any negligent act or failure to act on the part of the Plaintiff.

77. The occurrence of the aforementioned collision and all the resultant damages to Plaintiffs are the direct and proximate result of the negligence and carelessness of Defendant, generally, and more specifically, as set forth below:

    (a) Driving at an excessive rate of speed under the circumstances;

    (b) Driving in careless disregard for the safety of others on the roadway;

    (c) Operating the truck-trailer in a reckless manner;

    (d) Failing to comply with, and/or adequately maintain, applicable standards and recommended practices of the National Highway Traffic Safety Administration, U.S. Department of Transportation, and Federal Motor Carrier Safety Regulations;

    (e) Operating the truck-trailer in carless and reckless disregard for the safety of other persons;

    (f) Failing to comply with Pennsylvania and federal laws, regulations and standards with respect to operation of truck-trailers;

    (g) Failing to keep alert and maintain proper watch of the roadway;

    (h) Failing to notice the Plaintiffs;

    (i) Failing to maintain his vehicle under proper and adequate control;

    (j) Being inattentive and failing to maintain a sharp lookout of the road and the surrounding traffic conditions;

(k) Failing to operate his vehicle in accordance with the existing traffic conditions;

(l) Failing to observe that care and caution were required under the circumstances;

(m) Failing to exercise the high degree of care required of a motorist operating a vehicle;

(n) Continuing to operate their vehicle in a direction toward the Plaintiffs when the Defendant saw/heard, or in the exercise of reasonable diligence should have seen/heard, that further operation in that direction would result in a violent collision;

(o) Driving the vehicle in a manner endangering persons and property and in a reckless manner with careless disregard to the rights and safety of others;

(p) Failing to timely and properly operate the brakes of their vehicle in such a manner so that the vehicle could have been stopped in time to avoid the collision;

(q) Failing to take proper precautions in the operation of the vehicle so as to avoid the crash complained of herein;

(r) Placing Plaintiffs at risk of harm through Defendant's actions and/or inactions;

(s) Violating the applicable rules, regulations, and laws, pertaining to the safe and proper operation of a motor vehicle;

(t) Failing to have their vehicle under such control that it could have been stopped before doing injury to Plaintiff;

(u) Failing to maneuver his vehicle so as to avoid collision;

(v) Failing to abide by any duty owed to Plaintiff, including those set forth in the forgoing paragraphs as well as the whole Complaint;

(w) Failing to take proper evasion action so as to avoid the incident;

(x) Operating their motor vehicle while being distracted and taking their eyes off the road when they knew and/or should have known by doing so would result in this motor vehicle collision and serious injury to the Plaintiff; and

(y) Operating their motor vehicle in such a manner when they knew or should have known of the traffic conditions at the time of the incident, but chose to disregard the traffic control devices controlling and/or traffic conditions, thus causing the collision and resulting injuries to Plaintiff.

78. As a result of the above-stated acts and omissions, Plaintiff has suffered such harm as has been previously stated herein, including but not limited to serious bodily injury.

79. As a direct result of the aforesaid accident and injuries sustained, Plaintiff have suffered, yet suffer, and will/may continue to suffer a loss of earnings and impairment of their earning capacity and power.

80. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has incurred, yet incur, and will/may incur various costs and expenses

81. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has been, yet is, and will/may for an indefinite time in the future be unable to go about their usual and daily occupations and routines.

82. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has been, yet are, and will/may for an indefinite time in the future be forced to forego the pleasures of life.

83. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has suffered, yet suffers, and will/may for an indefinite time in the future suffer physical pain, scarring, mental anguish, and humiliation.

84. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has been forced to undergo hospitalization and/or medical treatment and will/may be forced to undergo hospitalization and/or medical treatment at an undetermined time in the future.

85. As a direct result of the aforesaid accident and injuries sustained, Plaintiff has been forced to expend, yet expend and will/may for an indefinite time in the future expend various and substantial sums of money for the medicine and medical attention in and above endeavoring to treat and cure himself of their injuries all to their great financial loss and damage.

86. At all times relevant hereto, the Trucking Company Defendants, was/were vicariously liable for the acts and omissions of Defendant, Cory Collins.

   **WHEREFORE,** Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with compensatory damages, punitive damages, interest/costs, and such other relief as this Honorable Court deems equitable, just and proper.

### COUNT II – NEGLIGENT ENTRUSTMENT
**David Penley v. Cowan Systems LLC; Cowan Systems, Inc.; Cowan Transport Holdings, LLC; Cowan Equipment Leasing; Schneider National, Inc.; Schneider National Leasing; Schneider National Carriers, Inc.; and Schneider National Bulk Carriers Inc., hereinafter "Trucking Company Defendants"**

87. The foregoing Paragraphs as well as all paragraphs in this Complaint are incorporated herein by reference as if fully set forth here at length.

88. The occurrence of the aforementioned collision and all of the resultant damages to Plaintiffs are the direct and proximate result of the negligence, recklessness and/or carelessness of the

Trucking Company Defendants and Defendant, Cory Collins individually, vicariously, jointly and severally.

89. Defendants, are directly and/or vicariously liable for the extensive personal injuries suffered by Plaintiff.

90. As a result of Defendants' negligence and carelessness, Plaintiff have undergone continuing medical care for the aforesaid injuries.

91. On or about September 28, 2023, and at all times relevant and material hereto, Defendants owed to Plaintiffs a duty to only allow a person who would drive the vehicle in a reasonable, safe, and prudent manner.

92. On or about September 28, 2023, and at all times relevant and material hereto, Defendants, gave Defendant, Cory Collins, permission to operate the subject motor-vehicle.

93. On or about September 28, 2023, and at all times relevant and material hereto, Defendants owed to Plaintiffs duties including but not limited to allow a person who would follow the rules of the road and stop driving the vehicle if it was in such condition that it might cause harm to other persons on the roadway.

94. On or about September 28, 2023, and at all times relevant and material hereto, Defendants owed to Plaintiffs a duty to only allow a person who did not have a history of driving in a careless reckless, and negligent manner.

95. On or about September 28, 2023, and at all times relevant and material hereto, Defendants owed to Plaintiffs a duty to only allow a person who was competent to drive the vehicle that was involved in this collision.

96. On or about September 28, 2023, and at all times relevant and material hereto, Defendants owed to Plaintiffs a duty to have its vehicles inspected and/or repaired so that defects of the vehicle and/or defective vehicle components would be reasonably discovered and fixed.

97. On or about September 28, 2023, and at all times relevant and material hereto, Defendants owed to Plaintiffs a duty to notice if a component of the vehicle was not functioning properly and to safely repair and/or replace such components.

98. On or about September 28, 2023, and at all times relevant and material hereto, owed to Plaintiffs a duty to have an adequately trained mechanic inspect/repair/work on the vehicle in a reasonable and workmanlike manner.

99. Defendants were negligent in entrusting the vehicle to Co-Defendant, Cory Collins.

100.        The occurrence of the aforementioned collision and all the resultant damages to Plaintiffs are the direct and proximate result of the negligence, carelessness and/or recklessness of Defendants, generally and more specifically, as set forth below:

   (a)    Failing to inspect the vehicle in a reasonable and prudent fashion;

   (b)    Failing to properly document the inspections of the vehicle;

   (c)    Failing to only allow drivers who did not have a history of driving in a careless and/or reckless manner;

   (d)    Failing to only allow persons who were competent to drive the vehicle;

   (e)    Failing to only allow drivers who would operate the vehicle in a reasonable and prudent manner;

   (f)    Failing to only allow drivers who would follow the rules of the road and not operate the vehicle in such a manner as to cause harm to Plaintiffs;

(g)    Failing to have its vehicles and/or components therein repaired and/or inspected as to defects that would be reasonably discovered and fixed;

(h)    Failing to have appropriately inspected its vehicles and especially the vehicle involved to be sure that it was in a safe condition to drive;

(i)    Failing to recognize that the operator was inexperienced, lacked the skill and judgment, was not qualified to operate/inspect the vehicle in a safe and prudent manner and take appropriate action;

(j)    Failing to recognize that the operator of the vehicle was an operator who repeatedly drove in a careless and/or reckless manner and;

(k)    Failing to abide by any duty owed to Plaintiff as set forth in the foregoing paragraphs as well as the whole Complaint.

101.    As a result of Defendant's negligence and carelessness, Plaintiff have suffered a loss of income and earning capacity.

102.    Defendants breached the duties outlined throughout this Complaint it owed to Plaintiffs, thereby causing harm to Plaintiffs, as outlined throughout this Complaint.

103.    As a result of Defendant's negligence, recklessness, and carelessness, Plaintiff have suffered physical pain, discomfort, scarring, and mental anguish and they will continue to endure the same for an indefinite period of time in the future, to their physical, emotional, and financial detriment and loss.

104.    As a result of Defendant's negligence and carelessness, Plaintiff have incurred past, present, and future medical expenses and other out of pocket expenses related to their medical care and treatment, to their detriment and loss.

105.    As a result of Defendant's negligence and carelessness, Plaintiff have suffered scarring as well as a loss of life's pleasures, and they will continue to suffer the same in the future, to their detriment and loss.

106.    As a result of Defendant's negligence and carelessness, Plaintiff have been, and will in the future be, hindered from attending to their daily duties and chores, to their detriment.

**WHEREFORE,** Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with compensatory damages, punitive damages, interest/costs, and such other relief as this Honorable Court deems equitable, just and proper.

### COUNT III—NEGLIGENCE
**David Penley v. Cowan Systems LLC; Cowan Systems, Inc.; Cowan Transport Holdings, LLC; Cowan Equipment Leasing; Schneider National, Inc.; Schneider National Leasing; Schneider National Carriers, Inc.; and Schneider National Bulk Carriers Inc., hereinafter "Trucking Company Defendants"**

107.    Plaintiffs incorporates herein by reference the averments contained in the foregoing Paragraphs as well as the entire Complaint as though the same were set forth fully herein.

108.    Plaintiffs' injuries and losses were caused by the negligence, carelessness, recklessness, and willful/wanton misconduct of the Trucking Company Defendants its agents, servants and/or employees, in the following respects:

    (a) Failing to investigate the fitness of the Defendant, Cory Collins, to operate a truck-trailer;

    (b) Negligently and recklessly retaining and hiring Defendant, Cory Collins;

    (c) Failing to perform an appropriate background check on Defendant, Cory Collins;

(d) Failing to determine whether Defendant, Cory Collins, was competent to operate a truck-trailer on roads and highways;

(e) Failing to determine whether Defendant, Cory Collins, had previously violated motor vehicle rules, laws, and regulations so as to indicate a pattern of indifference to public safety;

(f) Failing to comply with standards and practices with respect to hiring, retaining or contracting with drivers to haul cargo for Defendants, Cowen Systems and its customers;

(g) Failing to exercise reasonable care to select a competent driver;

(h) Failing to ensure that Defendant, Cory Collins, had an appropriate level of skill, experience and/or equipment;

(i) Failing to recognize the danger to which others would be exposed by allowing Defendant, Cory Collins, to operate a truck-trailer on roads and highways;

(j) Failing to create, adopt, enforce, update, and comply with polices and procedures to assure that drivers hired, retained or otherwise engaged to haul cargo for Defendants, Cowen Systems, are not a menace to public safety;

(k) Violation of applicable statues, ordinances, regulations, rules and standards relating to the operation of commercial vehicles and the hiring, retaining or other engagement of drivers to operate commercial motor vehicles.

109.   At all times relevant hereto, the foregoing conduct of the Trucking Company Defendants was a substantial factor in bringing about Plaintiff's injuries and losses.

110.   The Trucking Company Defendants' acts and/or failures to act under the circumstances or this case were outrageous in that Defendants' conduct amounted to reckless indifference to the safety of others.

111.   The Trucking Company Defendants knew, and/or should have known, facts which created a high degree of risk of physical harm to others from the conduct of its driver, Defendant, Cory Collins.

112.   The Trucking Company Defendants knew and/or should have known that Defendant, Cory Collins, failed to use extreme caution in the operation of a commercial motor vehicle, that Defendant, Cory Collins, failed to reduce speed when such conditions existed to do so, and that Defendant, Cory Collins, continued to operate Defendants, motor vehicle despite conditions becoming sufficiently dangerous that the operation of the commercial motor vehicle should have been discontinued in the way Defendant, Cory Collins, was operating the motor vehicle and that Defendants failed to have in place adequate policies, procedures, and safeguards to prevent these violations.

113.   Despite this prior knowledge and intent, Defendants willfully, wantonly, deliberately, recklessly, and/or unlawfully proceeded to act and/or failed to act as set forth herein, in reckless and conscious disregard of or which indifference to the safety and well-being of others, including Plaintiff.

114.   Despite this knowledge and intent, Defendants willfully, wantonly, deliberately, recklessly, and/or unlawfully proceeded to act and/or fail to act as set forth herein, for business reasons, i.e., to reduce Defendants' costs and increase profits, in reckless and conscious disregard or with indifference to the safety and well-being of others, including Plaintiff.

115.    Defendants willful, wanton, deliberate, reckless, and/or unlawful actions and/or inactions, as set forth above, increased the risk of harm to others and were substantial factors in causing Plaintiff's injuries, damages, and losses as more particularly described herein.

116.    Defendants are vicariously liable for the outrageous, willful, wanton, deliberate, reckless and unlawful conduct of their agents and/or employees including Defendant, Cory Collins, who was acting within the course and scope of his employment and/or agency at the time of the incident.

117.    As a result of Defendant's negligence and carelessness, Plaintiff has suffered a loss of income and earning capacity.

118.    Defendants breached the duties outlined throughout this Complaint it owed to Plaintiffs, thereby causing harm to Plaintiffs, as outlined throughout this Complaint.

119.    As a result of Defendants' negligence, recklessness, and carelessness, Plaintiff have suffered physical pain, discomfort, scarring, and mental anguish and they will continue to endure the same for an indefinite period of time in the future, to their physical, emotional, and financial detriment and loss.

120.    As a result of Defendants' negligence, recklessness, and carelessness, Plaintiff have incurred past, present, and future medical expenses and other out of pocket expenses related to their medical care and treatment, to their detriment and loss.

121.    As a result of Defendants' negligence, recklessness, and carelessness, Plaintiff have suffered scarring as well as a loss of life's pleasures, and they will continue to suffer the same in the future, to their detriment and loss.

122.    As a result of Defendants' negligence, recklessness, and carelessness, Plaintiffs have been, and will in the future be, hindered from attending to their daily duties and chores, to their detriment.

**WHEREFORE**, Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with compensatory damages, punitive damages, interest/costs, and such other relief as this Honorable Court deems equitable, just and proper.

## COUNT IV – BREACH OF CONTRACT
### David Penley v. USAA and United Services Automobile Association hereinafter "USAA Defendants"

123.    Plaintiff incorporates herein by reference the averments contained in the foregoing Paragraphs as well as those throughout the entire Complaint as though the same were set forth fully herein.

124.    When the USAA Defendants, insured Plaintiff, a contract between the USAA Defendants and Plaintiff was entered into wherein insurance premiums would be paid and the USAA Defendants would provide coverage as delineated in the Insurance Policy/Insurance Contract.

125.    On or about September 28, 2023, the USAA Defendants had a valid insurance policy in place, which provided for Uninsured/Underinsured motorist coverage included with this Complaint.

126.    Plaintiff has fully complied with all of the terms, conditions, and duties required under the policy, including but not limited to paying required premiums, and filing suit against Defendant insurance company along with the third-party tortfeasors.

127.        It is believed and therefore averred that the third-party tortfeasor is underinsured and, as such, pursuant to the Insurance Contract between Plaintiff and the USAA Defendants contractually owe Plaintiff damages for all injuries arising out of this motor vehicle collision.

128.        The USAA Defendants has failed to offer prompt payment of the reasonable and fair value of the claim to Plaintiff.

129.        For the reasons set forth above, the USAA Defendants has violated their obligations under the policy of insurance and/or insurance regulations.

**WHEREFORE**, Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with compensatory damages, interest/costs, and such other relief as this Honorable Court deems equitable, just and proper.

## COUNT V - LOSS OF CONSORTIUM

### Jeannine Penley v. Defendants

130.        The foregoing Paragraphs, and all other paragraphs are incorporated herein by reference as if fully set forth herein at length as well as the entire Complaint.

131.        At all times pertinent hereto, David Penley and Jeannine Penley were/are legally married, and/or husband and wife.

132.        Plaintiff, Jeannine Penley, has incurred and will incur various expenses related to the injuries sustained by her husband wife, including but not limited to medical expenses.

133.        Plaintiff, Jeannine Penley, has suffered the loss of consortium, society, services, economic contributions, care, love, affection, and intimate relations of their spouse as a result of the aforementioned breaches of duties owed by Defendants to them, and they will continue to suffer so for an indefinite time in the future.

WHEREFORE, Plaintiffs pray this Honorable Court grant judgment in their favor and against the Defendants, in a sum in excess of Seventy-Five Thousand ($75,000.00) Dollars together with compensatory damages, punitive damages, interest/costs, and such other relief as this Honorable Court deems equitable, just and proper.

Respectfully Submitted:
PISANCHYN LAW FIRM

By:_____ 9-19-2025
Bradley D Moyer, Esquire
ID: 319281
524 Spruce Street
Scranton PA 18503
Phone: (570) 344-1234

## VERIFICATION

David Penley & Jeannine Penley, being duly sworn, deposes and says that they are the Plaintiffs in the foregoing action; that the attached Complaint is based upon information which they have furnished to counsel and information which has been gathered by counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of the Plaintiffs. Plaintiffs have read the Complaint and, to the extent that the Complaint is based upon information which they have given to counsel, it is true and correct to the best of their knowledge, information, and belief. To the extent that the content of the Complaint is that of counsel, Plaintiffs have relied upon counsel in making this Verification. If the foregoing contains averments which are inconsistent in fact, signers have been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. We understand that this verification is made subject to the provisions of 18 Pa. C.S.A. §4904, pertaining to unsworn falsification to authorities.

Signed by David Penley

I approve this document
9/19/2025 6:36 PM UTC

_____

David Penley

Signed by Jeannine Penley

I approve this document
9/19/2025 6:51 PM UTC

_____

Jeannine Penley